## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MARQUES TAVRON**                                                            **PLAINTIFF**
**ADC #137415**

**v.**                          **Case No. 2:23-cv-00055-KGB-BBM**

**MOSES JACKSON, Supervisor,**
**Head Warden, East Arkansas Regional**
**Unit,** *et al.*                                                            **DEFENDANTS**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 103).  On February 23, 2026, plaintiff Marques Tavron filed a motion requesting an extension of time to file objections (Dkt. No. 104). The Court granted Tavron's motion and extended the time to file objections (Dkt. No. 105). Tavron timely filed objections and submitted the declaration of Anthony D. Lamar (Dkt. Nos. 106; 107).  Defendants did not object or respond to the Recommendation.  After careful consideration of the Recommendation and the objections, and after a *de novo* review of the record, the Court adopts the Recommendation, in part, as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 103).  The Court declines to adopt the Recommendation's findings that Tavron's official capacity claims seeking injunctive relief are moot.  The Court remands the matter to Judge Moore for further proceedings, consistent with the terms of this Order.

### I.      Objections

The Court writes to address Tavron's objections.  Tavron asserts two objections.  The Court overrules Tavron's objection as to qualified immunity.  The Court sustains Tavron's objection as to mootness and declines to adopt the Recommendation's finding that Tavron's official capacity

claims are moot.  Instead, the Court remands the matter to Judge Moore for further consideration in the light of the objection and proof submitted by Tavron.

### A.    Qualified Immunity

Tavron argues that defendants are not entitled to summary judgment on qualified immunity (Dkt. No. 107, at 3–8).  The Recommendation correctly found that there is no dispute of fact regarding whether Doyle or Swiney were involved in depriving Tavron of yard call.  Tavron does not argue that Doyle and Swiney were in fact responsible for providing yard call, and his objection does not offer proof of Doyle and Swiney's involvement.  Without record evidence of direct participation in the constitutional violation, Tavron cannot overcome the defense of qualified immunity raised by Doyle and Swiney as to Tavron's claims against them in the individual capacity.  The Court adopts the Recommendation's findings and conclusions as to qualified immunity.

Instead of contesting Doyle and Swiney's involvement, Tavron argues that qualified immunity should be denied because Tavron did not know the names of the individuals responsible for supervising yard call and because prison officials refused to disclose the names of the yard call supervisors to him, leaving him to guess.  The Court finds that Tavron's arguments go to exhaustion under the Prison Litigation Reform Act ("PRLA") and not qualified immunity.  28 U.S.C. § 1915.

Tavron is correct that, if prison officials thwarted the grievance process, then the prison's administrative procedure could be deemed unavailable for purposes of PRLA exhaustion.  *See Ross v. Blakes*, 578 U.S. 632, 644 (2016).  If those administrative procedures were unavailable, then Tavron may be permitted to proceed against defendants, even if he had not exhausted the grievance process against them.  However, that Tavron could proceed against some defendants

without exhausting his administrative remedies does not change the Court's qualified immunity analysis. Based on undisputed record evidence before the Court, Doyle and Swiney were not involved in the alleged deprivation of Tavron's constitutional rights. Doyle and Swiney are entitled to qualified immunity.

Separate from qualified immunity, the Court notes that Judge Moore in the Recommendation explains that there was record evidence presented that former defendants in this case, Johnson and Allison, participated in denying Tavron yard call (Dkt. No. 103, at 5 n.4). However, Tavron did not exhaust administrative remedies regarding Johnson or Allison, and Johnson and Allison were dismissed as defendants from the case (Dkt. Nos. 57; 58). Tavron's response to defendants' motion for summary judgment on exhaustion did not allege that the administrative process was unavailable to him or that prison officials hid Johnson or Allison's identity from him (Dkt. No. 55). Moreover, Tavron did not object to the Partial Recommended Disposition that recommended Johnson and Allison be dismissed without prejudice for failure to exhaust administrative remedies (Dkt. No. 58).

The Court grants defendants' motion for summary judgment as to qualified immunity on Tavron's individual capacity claims (Dkt. No. 95). To the extent Tavron seeks summary judgment on his individual capacity claims, the Court denies the motion (Dkt. No. 67).

### B.    Injunctive Relief

Tavron also argues that the Recommendation erred by addressing his claim for injunctive relief under 28 U.S.C. § 1915(e)(2) when defendants failed to raise those claims in their motion for summary judgment (Dkt. No. 107). Tavron argues, in the alternative, that his claims for injunctive relief are not moot and that, even if they were, an exception to mootness applies (Dkt. No. 107).

First, the Court rejects Tavron's argument that the Recommendation erred by addressing his claim for injunctive relief.  Tavron argues that the Recommendation improperly took up the official capacity claims under PRLA (Dkt. No. 108, at 8; *see* Dkt. No. 103, at 6).  Tavron argues that 28 U.S.C. § 1915(e)(2) does not allow the Court to determine whether he states a claim upon which relief may be granted at this more developed stage of the litigation (Dkt. No. 107, at 9).  Tavron argues that the PLRA only applies at the beginning of a *pro se* inmate's lawsuit (*Id.*).  The Court rejects Tavron's argument.  Under the plain text of the PRLA, "the court shall dismiss the case <u>at any time</u> if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2) (emphasis added).  The plain text of the statute permits the Court to evaluate the case at any time.

More fundamentally, the Court must always consider whether it has jurisdiction to evaluate Tavron's claims.  "'Questions of mootness are matters of subject matter jurisdiction.'"  *Keup v. Hopkins*, 596 F.3d 899, 904 (8th Cir. 2010) (quoting *Charleston Housing Auth. v. USDA*, 419 F.3d 729, 739 (8th Cir. 2005)).  Because mootness is jurisdictional, the Court must consider the issue *sua sponte*, that is without the issue being raised by the parties.  *Perficient, Inc. v. Munley*, 973 F.3d 914, 916 (8th Cir. 2020).  That defendants failed to argue that the official capacity claims should fail does not mean that the Recommendation improperly considered the Court's jurisdiction to hear Tavron's official capacity claims.

Nevertheless, the Court finds that Tavron, with his objections, has presented record evidence that calls into doubt whether Tavron's official capacity claims are moot.  In the Recommendation, Judge Moore determined that at the time when Tavron filed his complaint, "Tavron was actively being denied out-of-cell exercise at the EARU."  (Dkt. No. 103, at 8).  Judge Moore also found in the Recommendation that it "no longer appears to be the case" that Tavron is

being denied out-of-cell exercise (*Id.*). To reach that conclusion in the Recommendation, Judge Moore relied primarily on the use of past tense language in Tavron's response to defendants' motion for summary judgment, deposition, and response to defendants' statement of facts (*Id.*; *see* Dkt. No. 101, at 1; Dkt. No. 95-13, at 16–20; Dkt. No. 102, at 1–2).[1] However, in Tavron's objection, he asserts that he is still being denied out-of-cell exercise (Dkt. No. 107, at 11–12). Tavron suggests that he has continually been deprived of out-of-cell exercise since before filing this lawsuit (*Id.*). Tavron also submits the declaration of Anthony D. Lamar, an individual incarcerated at the EARU housed beside Tavron, who states that inmates, including Tavron, have been denied and are currently being denied access to out-of-cell exercise (Dkt. No. 106, ¶¶ 1, 2, 4, 5). Defendants do not point to record evidence to show that Tavron has consistently received out-of-cell exercise since filing this suit.

Based on the record before the Court, the Court cannot conclude at this stage of the litigation that Tavron's claim for injunctive relief against defendants in their official capacity is moot. Accordingly, the Court declines to adopt the Recommendation in this respect. The Court declines to adopt the recommendation that Tavron's motion for summary judgment be denied in its entirety (Dkt. No. 103, at 9; *see* Dkt. No. 67, at 4, 9 (requesting injunctive relief)). The Court holds under advisement Tavron's motion for summary judgment as to official-capacity claims and

---

[1] The Court finds that Tavron's past-tense description of his deprivation of out-of-cell exercise does not, on the record before the Court, mandate a finding that Tavron's claim is moot. The past tense language is reasonably explained by the posture under which Tavron is responding to motions dealing with prior conduct. For example, Tavron's response to defendants' motion for summary judgment addresses the initial deprivation complained of because that is the issue presented in that motion for summary judgment (Dkt. No. 101; *see also* Dkt. No. 95 (not addressing official capacity claims for injunctive relief)). Because defendants did not move for summary judgment on Tavron's claims for injunctive relief, the Court is not convinced that the use of past tense language determines whether Tavron's claim for injunctive relief is moot.

remands this matter to Judge Moore for further consideration and proceedings consistent with this Court's Order.

## II.    Conclusion

For the foregoing reasons, the Court adopts, in part, and declines to adopt, in part, the Recommendation.  The Court remands the matter back to Judge Moore for further proceedings, consistent with the terms of this Order.  In particular, the Court directs Judge Moore to evaluate Tavron's official capacity claims for prospective injunctive relief.

1.    The Court grants defendants' motion for summary judgment as to qualified immunity on Tavron's individual capacity claims (Dkt. No. 95).

2.    The Court denies Tavron's motion for summary judgment to the extent it seeks relief against defendants in their individual capacities (Dkt. No. 67).

It is so ordered this 17th day of March, 2026.

Kristine G. Baker
Chief United States District Judge